UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDON L. YEAGER | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO.:   4:23-cv-00955 |
| LOWE'S HOME CENTERS, LLC | § | |
| Defendant. | § | |

### DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant, Lowe's Home Centers, LLC ("Lowe's"), files this Notice of Removal of the civil action originally filed in the 236th Judicial District Court of Tarrant County, Texas entitled *Brandon L. Yeager v. Lowe's Home Centers LLC,* Cause No. 236-343098-23 (the "State Court Action"). In support of this Notice of Removal, Lowe's states as follows:

1.   On June 20, 2023, Plaintiff, Brandon L. Yeager, filed his Original Petition in the State Court Action, asserting claims of employment discrimination, retaliation, harassment and hostile environment under the Texas Labor Code. Ex. C. Lowe's was served with citation and the Original Petition on August 25, 2023. Ex. E.

2.   Removal of the State Court Action is proper under 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is diversity jurisdiction.

### A.   Diversity Jurisdiction

3.   Removal of the State Court Action is proper under 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4.   Plaintiff is an individual who resides in Texas. Ex. C, p. 1. Lowe's is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in North Carolina. Lowe's is a wholly-owned subsidiary of Lowe's Companies, Inc., a North Carolina corporation with its principal place of business in North Carolina. Accordingly, Lowe's is a citizen of the state of North Carolina, and complete diversity of citizenship exists. *See Tewari De-Ox Sys. v. Mt. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citizenship of a limited liability company is determined by the citizenship of its members).

5.   The amount in controversy may be met if (1) it is apparent from the face of the petition that the claims are *likely* to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2001); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005). In Plaintiff's Petition, Plaintiff fails to include a statement pursuant to Tex. R. Civ. P. 47(c) but seeks an award of actual damages in the amount of past and future lost earnings and benefits and damages to past and future earning capacity, liquidated and/or statutory damages, punitive/exemplary damages, prejudgment and postjudgment interest at the maximum legal rate, costs of court, and attorneys' fees and expert fees. Ex. C, p. 14. Despite Plaintiff's failure to comply with Tex. R. Civ. P. 47(c), the Fifth Circuit has held that a plaintiff's request for damages, under certain circumstances, in itself may support

a finding that it is "facially apparent" the amount in controversy exceeds the threshold amount. *See Allen v. R & H Oil and Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995).

6.    Here, it is facially apparent from Plaintiff's Petition that his claims are likely to exceed $75,000. Specifically, Plaintiff brings claims of discrimination, harassment, and retaliation under the TCHRA, which provide that a plaintiff may recover compensatory damages when the employer engages in an unlawful intentional employment practice and punitive damages when the employer engages in a discriminatory practice with malice or reckless indifference. Tex. Lab. Code § 21.2585(a), (b). The TCHRA caps recoverable compensatory and punitive damages on a "sliding scale," depending on the size of the employer. Tex. Lab. Code § 21.2585(d). This cap ranges from $50,000 for employers with fewer than 100 employees to $300,000 for employers with more than 500 employees. *Id.* Back pay is a distinct and separate remedy that the TCHRA does not include in the calculation of compensatory or punitive damages. Tex. Lab. Code § 21.2585(c). The TCHRA further allows a prevailing plaintiff to recover their reasonable attorneys' fees and costs. Tex. Lab. Code § 21.259.

7.    It is public knowledge Lowe's is a large home improvement store employing more than 500 employees. Ex. C, p. 3 (acknowledging Plaintiff worked at Lowe's Southlake, Texas store), Ex. C, p. 6 (acknowledging Lowe's store in New Mexico); Ex. H, p. 1 (Plaintiff acknowledging Lowe's has more than 500 employees). Because Lowe's employs over 500 employees, Plaintiff's claim for compensatory and punitive damages under the TCHRA would be in the amount up to $300,000, which is in excess of the amount in controversy requirement and does not even take into consideration Plaintiff's remaining requests for actual damages and attorneys' fees and costs. Because the governing law under which Plaintiff seeks to recover would entitle Plaintiff to a monetary award in excess of the amount in controversy, if successful, the

amount in controversy requirement is met. *See Watkins v. RSC Equip. Rental, Inc.*, 3:10-CV-2230-B, 2011 WL 13234828, at *2 (N.D. Tex. Jan. 31, 2011) (holding the combination of damages sought by Plaintiff, taking into account the number of Defendant's employees and the TCHRA's recoverable damages, satisfied the amount in controversy requirement); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005) (taking into account the many different classifications of damages sought by Plaintiff is "facially apparent" from the petition that the claim exceeds jurisdictional limits); *Wilson v. Hibu Inc.,* Civil Action No. 3:13-CV-2012-L, 2013 WL 5803816, at *3-4 (N.D. Tex. Oct. 28, 2013) (applying "common-sense approach" and holding that due to the claims and damages sought, the amount in controversy was facially apparent); *Johnson v. Carmax Auto Superstore, Inc.*, Civil Action No. SA-08-CA-820-FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (noting that other courts have relied on the causes of action and types of damages claimed by the plaintiff in holding that it was facially apparent from the state court petition that the amount in controversy exceeded $75,000 despite no "specific amount in controversy").

8.  Because Lowe's has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless Plaintiff shows that at the time of removal he was *legally certain* not to be able to recover that amount." *Allen,* 63 F.3d at 1335 n. 14 (emphasis added); *see also Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F. Supp. 469, 471 (S.D. Tex. 1995).

**C.  Lowe's Removal Complies with Fed. R. Civ. P. 81 and L.R. 81.1.**

9.  Removal of the State Court Action is timely as this Notice of Removal is filed within 30 days of the date upon which the summons for the State Court Suit was served on Lowe's. 28 U.S.C. § 1446.

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located within this District.

11. Attached to this Notice of Removal are the documents and information required by Local Rule 81.1, including: (1) a completed civil cover sheet; (2) a supplemental civil cover sheet; (3) an index that identifies each document and indicates the date the document was filed in state court; (4) a copy of the docket sheet in the state court action; (5) each document filed in the state court action; and (6) a separated signed certificate of interested persons. Exs. A-G.

12. Lowe's will promptly notify the 236th Judicial District Court of Tarrant County, Texas of the removal of this action to federal court.

Accordingly, based on the foregoing, Defendant removes this action to the United States District Court for the Northern District of Texas, Fort Worth Division, and requests any and all such further relief and remedies to which it may be entitled.

Respectfully submitted,

BY: */s/ Claudine Jackson*
Claudine G. Jackson
Attorney-in-Charge
Texas State Bar No.: 00793800
Andrea W. Paris
Texas State Bar No.: 24085652

Phelps Dunbar LLP
201 Main Street, Suite 1350
Fort Worth, Texas 76102
Telephone: 817 386 1166
Facsimile: 817 386 1170
Email: claudine.jackson@phelps.com
Email: andrea.paris@phelps.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 18th day of September, 2023, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I therefore certify that I have served all counsel of record/pro se parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

Christopher C. Antone
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, TX 75219
cca@kilgorelaw.com

/s/ *Claudine Jackson*
Claudine Jackson